IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FLORENCE L.,[1]

    **Plaintiff,**

v.                                                                                  Civil Action No. 3:22cv654

MARTIN O'MALLEY,[2]
*Commissioner of the*
*Social Security Administration,*

    **Defendant.**

## FINAL MEMORANDUM ORDER

This matter comes before the Court on Plaintiff's Objection to the Magistrate Judge's Report and Recommendation ("R&R"), (ECF No. 24). (ECF No. 25.) Plaintiff lodges two objections to the R&R: (1) the Administrative Law Judge ("ALJ") "offered no analysis which ties her conclusions to the evidence in the record, nor did she articulate how her consideration of the factors of supportability and consistency led her to find the opinion of Dr. Allocca unpersuasive;" and, (2) "the [residual functional capacity] contains no limitations regarding Plaintiff's ability to concentrate and . . . the ALJ offer[ed] no explanation for her conclusions

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States recommends that, due to significant privacy concerns in social security cases, federal courts refer to a claimant only by his or her first name and last initial.

[2] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he has been substituted for Acting Commissioner Kilolo Kijakazi as Defendant in this action. No further action need be taken to continue this suit. 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

regarding how Plaintiff's mental limitations affect her ability to perform job-related tasks for a full workday[.]" (ECF No. 25, at 2, 3.)

"The purpose of magistrate [judge] review is to conserve judicial resources." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015) (citing *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). "[T]o preserve the district court's role as the primary supervisor of magistrate judges," a party "may raise objections with the magistrate judge's report." *Id.* (citing *Midgette*, 478 F.3d at 621). "[T]he objection requirement is designed to allow the district court to 'focus on specific issues, not the report as a whole.'" *Id.* (quoting *Midgette*, 478 F.3d at 621). Accordingly, "objections must be specific and particularized." *Id.* "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." *Id.* (quoting *Tyler v. Wates*, 84 F. App'x 289, 290 (4th Cir. 2003)) (internal quotation marks omitted). "Likewise, a mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." *Id.* (quoting *Abou-Hussein v. Mabus*, No. 2:09-1988, 2010 WL 4340935, at *1 (D.S.C. Oct. 28, 2010), *aff'd*, 414 F. App'x 518 (4th Cir. 2011)). Instead, proper "objections must respond to a specific error in the" R&R. *Overstreet v. Berryhill*, No. 7:16cv585, 2018 WL 1370865, at *1 (W.D. Va. Mar. 16, 2018).

Plaintiff's objections present nothing more than a "rehashing of the arguments" that she raised in her Motion for Summary Judgment. *See Nichols*, 100 F. Supp. 3d at 497; (*see* ECF No. 18, at 8–12; 16–18.) She has not "respond[ed] to a specific error" in the R&R. *See Overstreet*, 2018 WL 1370865, at *1. Instead, she simply explains why she disagrees with the Magistrate Judge's decision based on grounds identical to arguments she raised in her Motion for Summary Judgment. Thus, the Court finds *de novo* review of the Magistrate Judge's R&R unnecessary and reviews the R&R for clear error only. *See Lee v. Saul*, No. 2:18cv214 (MSD), 2019 WL

2

3557876, at *1 (E.D. Va. Aug. 5, 2019).  Having reviewed the record, and finding no clear error, the Court ORDERS that:

    (1) Plaintiff's Objections to the R&R, (ECF No. 25), are OVERRULED;

    (2) The R&R, (ECF No. 24), is ADOPTED on the basis of the reasoning in the R&R;

    (3) Plaintiff's Motion for Summary Judgment, (ECF No. 17), is DENIED;

    (4) The Commissioner's Motion for Summary Judgment, (ECF No. 20), is GRANTED; and,

    (5) The Commissioner's decision is AFFIRMED.

It is SO ORDERED.

Date: 2/12/2024  
Richmond, Virginia

/s/  
M. Hannah Lauck  
United States District Judge